UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **PAMELA SHORT POWELL** | **CIVIL ACTION NO. 24-511** |
| **VERSUS** | **JUDGE EDWARDS** |
| **ANTHONY DECICCO ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM RULING

Before the Court is a Motion for Recusal (R. Doc. 8) filed by the plaintiff, Pamela Short Powell ("Powell"). For the reasons set forth below, this case is **DISMISSED WITH PREJUDICE.** Accordingly, the Motion is **DENIED as moot.**

### I. BACKGROUND

Powell brings the instant suit against at least eighty-four defendants, ranging from law offices, insurance agencies, landscaping services, real estate brokers, political subdivisions, the State of Louisiana, her landlords, and the Catholic Church. *See* R. Doc. 1; R. Doc. 5. Basically, Powell alleges a vast conspiracy involving human sacrifice, dog poisoning, and fraudulent transfers of property. R. Doc. 1 at 23–29.

On May 20, 2024, Powell filed the instant *Motion for Recusals of Jerry Edwards, Jr. and Kayla Dye McClusky and Notice of Conflicts Regarding S. Maurice Hicks, Jr. and Notice of Scrivener's Error in Complaint* (R. Doc. 8). In it, Powell alleges that the undersigned is "[not] fully qualified to be a judge"; "commits criminal activities as 'Jerry Edwards, Jr.'"; is "'black'"; is not a citizen; is a "rogue non-judge"; and that he is "affiliat[ed]" with "notable German nazi[s]" and/or the "Bush crime family or Clinton crime family." R. Doc. 8 at 2, 3, 12.

## II. LAW AND ANALYSIS

Powell is not a prisoner; nor is she proceeding *in forma pauperis*. Therefore, the screening provisions of 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Apple v. Glenn*, the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). This Court and other courts in the Fifth Circuit have followed suit. *Black v. Jones*, 1:19-CV-1023, 2019 WL 6353332, at *2 (W.D. La. Oct. 28, 2019), *report and recommendation adopted*, 2019 WL 6357909 (W.D. La. Nov. 26, 2019); *Deng v. Parker*, 2:18-CV-61, 2018 WL 6272460, at *1 (N.D. Tex. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 6270977 (N.D. Tex. Nov. 29, 2018), *appeal dismissed*, 799 F. App'x 301 (5th Cir. 2020); *McLean v. Country of Mexico*, 1:19-CV-591, 2019 WL 2869579, at *1 (W.D. Tex. July 3, 2019). Because Powell's claims here are "fanciful, irrational, incredible, and delusional" the Court finds dismissal appropriate. *Simmons v. Payne,* 170 F. App'x 906 (5th Cir. 2006); *see* R. Doc. 1, R. Doc. 5, R. Doc. 8. Further, we take this opportunity to warn Powell that her conduct could warrant sanctions under Rule 11 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(b) (prohibiting litigants from filing frivolous or harassing motions). "Rule 11 is aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 542 (1991) (internal quotation marks omitted). And Powell should take heed.

## III. CONCLUSION

For the foregoing reasons, this action is hereby **DISMISSED WITH PREJUDICE**. Accordingly, the Motion to Recuse (R. Doc. 8) is **DENIED AS MOOT**. A judgment consistent with this ruling will be issued in due course.

**THUS DONE AND SIGNED** this 24th day of May, 2024.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**